**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**A. DAVID COPPERTHITE**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0946**
**MDD_ADCchambers@mdd.uscourts.go**

November 1, 2023

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

Re:  United States of America, *ex rel.* Paul Sovitsky v. SOC LLC, GLR-19-2281

Dear Counsel:

I have scheduled a virtual settlement conference for **Thursday, February 08, 2024** at **10:00 a.m**. The Court has been provided with ZoomGov, a licensed version of Zoom with added security. Accordingly, I will be running our conference on that platform. The ZoomGov link will be emailed to Counsel a few days before the conference. Counsel should expect a telephone call from me within a few days of the conference. If you no longer wish to have the scheduled conference, wish to postpone to a future date, or have any further questions, please contact chambers.

The Court will consider a JOINT request to conduct an in-person conference if all necessary participants agree to appear in person. Such requests should be submitted by joint letter to my chambers **within one week of this letter** and should include a short statement as to why an in-person conference is preferred.

Please review this letter completely, as it is an Order that establishes certain prerequisites that must be fulfilled prior to the settlement conference.

I require that the plaintiff submit a written demand to the defendant **prior** to the settlement conference. The defendant shall submit a written offer to the plaintiff within one week of receiving the demand. **The demand and offer shall be included with the *ex parte* letters submitted to the Court.** Failure to comply with these requirements may result in the postponement of the settlement conference or the possible imposition of sanctions.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with <u>complete authority</u> to enter into a binding settlement, be present. A person with complete authority is someone who has full settlement authority *without having to consult with anyone who is not in attendance.* Attendance by the attorney for a party is not sufficient. Please provide the name and title of the individuals attending the settlement conference. Please note that individuals who are not a party to the case will not be permitted to attend the settlement conference.

No later than **Thursday, January 25, 2024**, I would like to receive a short *ex parte* letter by email (mdd_adcchambers@mdd.uscourts.gov). The *ex parte* letter should not exceed five pages and should candidly setting forth the following:

(1)  facts you believe you can prove at trial;

Civil No. GLR-19-2281
November 1, 2023
Page 2

(2)  the major weaknesses in <u>each</u> side's case, both factual and legal;

(3)  identify any pending dispositive or other motions that would have a significant effect on settlement;

(4)  an evaluation of the maximum and minimum damage awards you believe likely;

(5)  if your client will take the position at settlement that a lack of resources will impact your client's ability to pay any judgment, then documentation to support that claim should be provided to opposing counsel prior to the settlement conference. If your client is unwilling to provide the documentation to opposing counsel, it is your responsibility to notify the Magistrate Judge assigned to settlement to explain your client's position before the settlement conference. The Magistrate Judge assigned to settlement will determine whether to proceed with the settlement conference;

(6)  the history of any settlement negotiations to date;

(7)  estimate of attorneys' fees and costs of litigation through trial; and

(8)  **the name and title of the individual(s) who will be attending the conference**.

The letters will be solely for my use in preparing for the settlement conference. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify them. If you want me to review any exhibits, please attach a copy to your letter by email. **A paper copy of all attachments exceeding 15 pages should be mailed or hand delivered to chambers.**

The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. §652(d).

The American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

                    Very truly yours,

                    /s/

                    A. David Copperthite
                    United States Magistrate Judge